UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| **ERENNE COATS and JUSTIN SMITH, individually and on behalf of all other similarly situated persons,**<br><br>Plaintiffs,<br><br>v.<br><br>**WILLIAMS-SONOMA, INC and WILLIAMS-SONOMA DIRECT, INC.**<br><br>Defendants. | Case No.<br><br>CLASS AND COLLECTIVE ACTION COMPLAINT<br><br>3:22cv19-MPM-RP |

## INTRODUCTION

1. This case is brought to remedy the failure of Defendants Williams-Sonoma, Inc. and Williams-Sonoma Direct, Inc. (collectively Williams-Sonoma) to pay Plaintiffs minimum wages as required by the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 et seq., and the common law of contract.

2. Plaintiffs are hourly workers for Williams-Sonoma. They worked in Williams-Sonoma distribution center in Olive Branch, Mississippi. However, Williams-Sonoma failed to pay Plaintiffs their wages on their pay date. As a result, Williams-Sonoma violated the minimum wage provision of the FLSA and failed to pay Plaintiffs their promised wages for the hours they worked.

3. Plaintiffs seek unpaid minimum wages for the hours they worked, liquidated damages, costs and attorneys' fees as well as declaratory relief. Plaintiff brings this claim individually and on behalf of other similarly situated employees under the collective action provisions of the FLSA. 29 U.S.C. § 216(b).

4. In addition, by the conduct described in this complaint, Williams-Sonoma has violated the common law of contract by failing to pay their hourly workers the promised wages for each hour worked. Plaintiffs bring this claim individually and on behalf of other

1

similarly situated employees under the class action provisions of Fed. R. Civ. P. 23.

## JURISDICTION

5. Jurisdiction is conferred upon this Court by 29 U.S.C. §216(b) of the Fair Labor Standards Act, by 28 U.S.C. §1331, this action arising under laws of the United States, and by 28 U.S.C. §1337, this action arising under Acts of Congress regulating commerce. Jurisdiction over Plaintiffs' claims for declaratory relief is conferred by 28 U.S.C. §§2201 and 2202.

6. This Court has jurisdiction over the breach of contract claim raised by virtue of 28 U.S.C. §1367(a).

## VENUE

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

8. Upon information and belief, Williams-Sonoma resides in this district.

9. Plaintiff labored for Williams-Sonoma in Olive Branch, Mississippi, which is within this District.

10. The cause of action set forth in this Complaint arose in this District.

## PARTIES

**A.    Plaintiffs**

11. Plaintiff Coats was an employee of Williams-Sonoma. Her "Consent to Sue" is attached to this complaint as Exhibit A.

12. Plaintiff Smith was an employee of Williams-Sonoma. His "Consent to Sue" is attached to this complaint as Exhibit B.

13. Coats and Smith worked for Williams-Sonoma in Olive Branch, Mississippi.

14. Coats and Smith were engaged in commerce in their work for Williams-Sonoma.

**B.     Represented Parties under FLSA**

15.    The term "Plaintiffs" as used in this complaint refers to the Named Plaintiffs and any additional represented class members pursuant to the collective action provision of 29 U.S.C. § 216(b).

16.    The Named Plaintiffs represent current and former "hourly employees who were not paid their wages on their scheduled pay date and who have worked for Williams-Sonoma between January 28, 2019, and the date of final judgment in this matter."

17.    The Named Plaintiffs bring this case as a collective action for class members in Mississippi as defined in the preceding paragraph, under the collective action provision of the FLSA as set forth in 29 U.S.C. § 216(b).

**C.     Class Action Allegations**

18.    Plaintiffs Coats and Smith bring the Second Cause of Action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of "all hourly employees who have worked for Williams-Sonoma in Mississippi since three years before the filing of the complaint and the date of final judgment in this matter, and were not paid their promised wages for each hour worked."

19.    Excluded from the Class are Williams-Sonoma's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Williams-Sonoma; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Class.

20.    The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is not known to Plaintiffs,

the facts on which the calculation of that number can be based are presently within the sole control of Williams-Sonoma.

21. Upon information and belief, the size of the Class is about 100 hourly employees.

22. Williams-Sonoma acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

23. The Second Cause of Action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3). There are questions of law and fact common to the Class that predominate over any questions solely affecting individual members of the Class, including but not limited to:

   a. whether Williams-Sonoma promised to pay Plaintiffs and the Class for each hour they worked;

   b. whether Williams-Sonoma failed and/or refused to pay the Plaintiff and the Class for all hours worked;

   c. whether Williams-Sonoma failed and/or refused to pay the Plaintiff and the Class at the promised hourly rate for all hours worked;

   d. the nature and extent of Class-wide injury and the appropriate measure of damages for the Class; and

   e. whether Williams-Sonoma correctly calculated and compensated Plaintiffs and the Class for hours worked.

24. The claims of the Plaintiffs are typical of the claims of the Class they seek to represent. The Plaintiffs and the Class members work or have worked for Williams-Sonoma and have been subjected to their policy and pattern or practice of failing to pay all wages for

all hours worked. Williams-Sonoma acted and refused to act on grounds generally applicable to the Class, thereby making declaratory relief with respect to the Class appropriate.

25. The Named Plaintiffs will fairly and adequately represent and protect the interests of the Class.

   a. The Named Plaintiffs understand that, as class representatives, they assume a fiduciary responsibility to the Class to represent its interests fairly and adequately.

   b. The Named Plaintiffs recognize that as class representatives, they must represent and consider the interests of the Class just as they would represent and consider their own interests.

   c. The Named Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over those of the Class.

   d. The Named Plaintiffs recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class.

   e. The Named Plaintiffs understand that in order to provide adequate representation, they must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in their possession, and testify, if required, in a deposition and in trial.

26. The Named Plaintiffs have retained counsel competent and experienced in complex class action employment litigation.

27. A class action is superior to other available methods for the fair and efficient

adjudication of this litigation - particularly in the context of wage litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the Class have been damaged and are entitled to recovery as a result of Williams-Sonoma's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation against Williams-Sonoma. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Williams-Sonoma's practices.

**D.      Defendants**

28.   Williams-Sonoma lists its principal office address as 3250 Van Ness, San Francisco, CA 94109. Upon information and belief, Defendant Williams-Sonoma, Inc. and Defendant Williams-Sonoma Direct, Inc are corporations having their headquarters and offices in California and places of business in Mississippi and throughout the United States.

29.   Defendant Williams-Sonoma, Inc., "incorporated in 1973, is an omni-channel specialty retailer of high-quality products for the home."

30.   Defendant Williams-Sonoma, Inc. is "the world's largest digital-first, design-led and sustainable home retailer."

31.   Defendant Williams-Sonoma, Inc. is a publicly traded company.

32.   Defendant Williams-Sonoma, Inc. generated about $7 billion in net revenue in 2020.

33.   Upon information and belief, Defendant Williams-Sonoma Direct, Inc. is a warehousing and storage business.

34. Upon information and belief, Defendant Williams-Sonoma, Inc. is the parent company to Williams-Sonoma Direct, Inc.

35. Upon information and belief, Williams-Sonoma grossed more than $500,000 in each of the last ten calendar years.

36. Williams-Sonoma is an enterprise engaged in interstate commerce for purposes of the Fair Labor Standards Act.

37. At all times relevant herein, Williams-Sonoma has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. §203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

38. Williams-Sonoma employed Plaintiffs and participated directly in employment decisions regarding the Plaintiffs for which they seek redress in this case.

39. All actions and omissions described in this complaint were made by Williams-Sonoma directly or through its supervisory employees and agents.

**FACTS**

40. Plaintiff Coats is a resident of Tennessee.

41. Plaintiff Coats worked for Williams-Sonoma from approximately November 26, 2021 to approximately December 15, 2021.

42. Plaintiff Coats worked as a selector for Williams-Sonoma. She was responsible for mass picking orders (looking up the item and finding where it was in the warehouse), sorting

through how many were needed, and then logging them in Williams-Sonoma's system. She also occasionally had to find and set orders to the side based on paperwork she was given.

43. Williams-Sonoma promised Plaintiff Coats an hourly wage of $19 per hour.

44. Plaintiff Smith is a resident of Mississippi.

45. Plaintiff Smith worked for Williams-Sonoma from approximately November 19, 2021, to approximately December 15, 2021.

46. Plaintiff Smith worked as a Seasonal Merchandise Processor for Williams-Sonoma.

47. Williams-Sonoma promised Plaintiff Smith an hourly wage of $17.50 per hour.

48. Williams-Sonoma paid Plaintiffs their wages on a weekly basis.

49. Williams-Sonoma paid its hourly workers every Friday. For example, Williams-Sonoma paid Coats on December 10, 2021, for worked performed from November 28, 2021, to December 4, 2021.

50. Plaintiffs are or were hourly workers employed by Williams-Sonoma to work in its distribution facility in Olive Branch, Mississippi.

51. Plaintiffs Coats and Smith clocked in at the beginning of their scheduled shift, and clocked out at the end of their scheduled shift.

52. Plaintiffs Coats and Smith also clocked in and out for meal breaks.

53. The last week Plaintiff Coats and Smith worked for Williams-Sonoma was the week of December 12, 2021.

54. Plaintiffs Coats and Smith worked December 12, 2021, to December 15, 2021.

55. Williams-Sonoma failed to pay Plaintiffs Coats and Smith for the hours they worked during the week of December 12, 2021.

56. Williams-Sonoma failed to pay Plaintiff Coats and Smith on December 24, 2021, for the wages they earned during the workweek of December 12, 2021.

57. Williams-Sonoma has not paid Plaintiffs Coats and Smith for their last week of work.

58. Upon information and belief, other hourly employees were not paid by their scheduled pay date.

59. Upon information and belief, other hourly employees were not paid for their last week of work.

60. Williams-Sonoma knew or should have known that Plaintiffs and class members performed worked.

61. Williams-Sonoma knew or should have known that it did not pay Plaintiff and class members for the work they performed by their scheduled pay date.

62. Williams-Sonoma did not pay Plaintiffs minimum wages for each hour they worked.

63. Williams-Sonoma did not pay Plaintiffs their promised wages for each hour they worked.

## FIRST CAUSE OF ACTION
## (FAIR LABOR STANDARDS ACT: MINIMUM WAGE VIOLATIONS)

64. Williams-Sonoma failed to pay minimum wages to Plaintiffs in violation of the Fair Labor Standards Act, 29 U.S.C. § 206 et seq. and its implementing regulations.

65. Williams-Sonoma's failure to comply with the FLSA's minimum wage protections caused Plaintiff to suffer loss of wages and interest thereon.

## SECOND CAUSE OF ACTION
## (COMMON LAW CONTRACT FOR FAILURE TO PAY PROMISED WAGES)

66. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

67. Williams-Sonoma promised in writing to pay Plaintiffs at a set hourly rate for each hour of work.

9

68. Plaintiffs performed labor for Williams-Sonoma knowing of the promise.

69. Williams-Sonoma failed to pay the promised wages for the hours it knew or should have known that Plaintiffs worked in violation of their promise to pay such wages.

70. Williams-Sonoma's failure to pay wages as promised violated Plaintiffs' rights under the common law doctrines of contract.

71. Williams-Sonoma failed to pay Plaintiffs and the Class.

## RELIEF SOUGHT

**WHEREFORE,** Plaintiff requests that this Court enter an Order:

1. Declaring that the Williams-Sonoma violated the Fair Labor Standards Act;

2. Granting judgment to Plaintiffs and members of the FLSA collective action for their claims of unpaid minimum wages as secured by the Fair Labor Standards Act, as well as an equal amount in liquidated damages;

3. Awarding Plaintiffs and members of the FLSA collective action their costs and reasonable attorneys' fees; and

4. With respect to the Class:

    a. Certifying this action as a class action;

    b. Designating the Named Plaintiff as the Class Representatives;

    c. Appointing the undersigned as class counsel;

    d. Declaring that the Williams-Sonoma breached its contract with Plaintiffs and the class;

    e. Awarding damages, pre-judgment and post-judgment interest, as provided by law;

    f. Granting such other injunctive and equitable relief as the Court may deem just and proper; and

    g. Awarding Plaintiffs' attorneys' fees and costs of suit, including expert fees and costs.

Dated: January 31, 2022

                                          Respectfully Submitted,

                                          <u>s/ William B. Ryan</u>
                                          William B. Ryan – MS Bar #99667
                                          DONATI LAW, PLLC
                                          1545 Union Avenue
                                          Memphis, TN 38104
                                          Phone: (901) 278-1004
                                          Fax: (901) 278-3111
                                          Billy@donatilaw.com

                                          LOCAL COUNSEL FOR PLAINTIFFS

                                          Matt Dunn (pro hac application to be filed)
                                          GETMAN, SWEENEY & DUNN, PLLC
                                          260 Fair Street
                                          Kingston, NY 12401
                                          Phone: (845)255-9370
                                          Fax: (845) 255-8649
                                          Email: mdunn@getmansweeney.com

                                          ATTORNEYS FOR PLAINTIFFS